# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-10162
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit
**FILED**
October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO GALLEGOS-MEDRANO,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CR-37-1

———————

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Francisco Gallegos-Medrano contests his 60-month, above-Guidelines sentence, stemming from his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and 6 U.S.C. §§ 202(3), 202(4), & 557. He challenges only the substantive reasonableness of his 60-month sentence.

———

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10162

Although post-*Booker,* the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States,* 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008).

Gallegos asserts: his sentence is substantively unreasonable because the court imposed an upward variance 33 months greater than his advisory 21-to-27-months Guidelines sentencing range; his sentence was greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a); and the upward variance reflected a clear error of judgment in balancing the sentencing factors. For the following reasons, after reviewing the substantive reasonableness of Gallegos' sentence under the requisite deferential abuse-of-discretion standard, there was no error. *E.g., Gall,* 552 U.S. at 51.

The court referenced specific facts, and provided specific reasons, consistent with the § 3553(a) sentencing factors, why a sentence outside the Guidelines sentencing range was warranted. The court focused on Gallegos' substantial criminal history. For example, notwithstanding Gallegos' assertions his criminal history was "based on two incidents, that were mostly misdemeanors", the court noted Gallegos had three prior federal convictions related to illegal reentry, and five DWI convictions. The court also stated the upward variance was warranted, *inter alia,* to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.

No. 17-10162

Nothing suggests the court did not account for a factor that should have received significant weight or made a clear error of judgment in balancing the sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). And, we defer to the court's determination the § 3553(a) factors, on the whole, justify the upward variance, *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012), which is similar to other variances previously affirmed by this court, *e.g.*, *United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008) (affirming sentence of 120 months' imprisonment with a 41-to-51-months Guidelines sentencing range). Given that Gallegos was removed on four prior occasions and had already been sentenced to a total of 40 months' imprisonment for offenses related to illegal reentry, it was not unreasonable for the court to conclude a sentence within the advisory sentencing range of 21–27 months' imprisonment would not serve as adequate deterrence or promote respect for the law.

AFFIRMED.